CLERK, U.S. DISTRICT COURT

09/06/2023

CENTRAL DISTRICT OF CALIFORNIA
BY:_____KH_____ DEPUTY

(Date)
Scanned at LAC and E-mailed
on  9-6-23  by  D.R
   (Date)        (Initials)
Number of pages scanned:
   51

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| SIR MICHAEL DYESS | CASE NUMBER |
|---|---|
| | 2:23-CV-06455-MEMF-JDE |
| Inmate # BS6620                    PLAINTIFF(S) | |
| v.
California Department of Corrections Rehabilitation | **NOTICE OF DEFICIENCY RE:
DOCUMENT(S) RECEIVED IN VIOLATION
OF GENERAL ORDER 18-02**
**(CASE-INITIATING DOCUMENTS)** |
| DEFENDANT(S) | |

On  08/03/2023  , the United States District Court, Central District of California, received, through the
United States Mail, a complaint arising under 42 U.S.C. § 1983 and bearing the caption set forth above. Please be
advised that the Court and the California Department of Corrections and Rehabilitation ("CDCR") are
participants in a pilot project that requires all such documents submitted by inmates at your institution to be
scanned and submitted to the court by electronic mail. General Order 18-02. Submission of this complaint by
U.S. Mail violates the terms of General Order 18-02.

To submit a complaint arising under 42 U.S.C. § 1983 to the court for filing, you must present it to designated
staff at your facility for scanning and emailing to the court. If you are unable to comply with these procedures,
you must submit with your complaint a motion for leave to file your documents by U.S. Mail that demonstrates
good cause for your inability to submit your documents to the court electronically.

You must now re-submit your complaint to the court electronically. You must submit for scanning an exact copy
of the complaint you previously mailed to the court; it cannot be modified in any way. You must include this
notice on top of the complaint submitted for scanning. If your complaint is received in the court's electronic mail
box within two weeks from the date of this letter, your complaint will be deemed filed as of the date that appears
on the envelope you originally sent via U.S. Mail.

In addition, when you submit your complaint for scanning, YOU MUST INCLUDE AN APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES (CV-60P). Failure to provide an Application to Proceed
Without Prepayment of Fees may lead to the dismissal of your case.

Clerk, U. S. District Court

08/03/2023                                          By   R. Smith (213) 894 3535
      Date                                                    Deputy Clerk

CV-12 (07/22)              NOTICE OF DEFICIENCY RE: DOCUMENT(S) RECEIVED IN VIOLATION OF
                          GENERAL ORDER 18-02 (CASE-INITIATING DOCUMENTS)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | | CASE NUMBER: |
|---|---|---|
| SIR MICHAEL DYESS | | |
| | PLAINTIFF(S) | 2:23-cv-06455-MEMF-JDE |
| V. | | |
| R. VASQUEZ LOPEZ , et al. | | |
| | DEFENDANT(S). | **NOTICE OF JUDGE ASSIGNMENT AND REFERENCE TO A UNITED STATES MAGISTRATE JUDGE** |

This case has been assigned to the calendar of the Honorable ___Judge Maame Ewusi-Mensah Frimpong___ , U. S. District Judge, and referred to U. S. Magistrate Judge ___John D. Early___ , who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that a trial is required, the Magistrate Judge shall prepare and file a report and recommendation regarding the disposition of this case, which may include proposed findings of fact, conclusions of law, and proposed written order or judgment, which shall be served on all parties. If the Magistrate Judge concludes that a trial is required, the Magistrate Judge shall so report to the District Judge.

Pursuant to Local Rule 5-4.1, all subsequent documents in this case must be filed electronically, unless exempted by Local Rule 5-4.2. Documents exempt from electronic filing pursuant to Local Rule 5-4.2(b), or presented by filers exempt from electronic filing pursuant to Local Rule 5-4.2(a), must be filed with the Clerk in paper at the following location:

Southern Division
411 West Fourth St., Ste. 1053
Santa Ana, CA 92701-4516

Please note that, pursuant to Local Rule 83-2.5, all matters must be called to the judge's attention by appropriate application or motion filed in compliance with the Court's Local Rules. Parties are not permitted to write letters to the judge.

Local Rule 83-2.4 requires that the Court must be notified within five (5) days of any address change. If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within five (5) days thereafter of your current address, the Court may dismiss the petition, with or without prejudice, for want of prosecution.

Clerk, U.S. District Court

_August 16, 2023_
Date

By _/s/ Estrella Liberato_
Deputy Clerk

---

**NOTICE TO COUNSEL / PRO SE LITIGANT**

*The party who filed the case-initiating document in this case must serve a copy of this Notice on all parties it serves with the case-initiating document.*

---

CV-25 (12/22)        NOTICE OF JUDGE ASSIGNMENT AND REFERENCE TO A UNITED STATES MAGISTRATE JUDGE

FILED
CLERK, U.S. DISTRICT COURT

AUG - 3 2023

CENTRAL DISTRICT OF CALIFORNIA
BY_____ISID_____DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SirMichael Dyess

PRISONER/PLAINTIFF,

v.

Vasquez Lopz et al

DEFENDANT(S).

CASE NUMBER

**2:23-CV-06455-MEMF-JDE**

**REQUEST TO PROCEED WITHOUT
PREPAYMENT OF FILING FEES WITH
DECLARATION IN SUPPORT**

I, SirMichael Dyess, declare under penalty of perjury, that the following is
true and correct; that I am the prisoner-plaintiff in the above entitled case;  that in support of my request to proceed
without prepayment of fees under 28 U.S.C. Section 1915, I declare that because of my poverty I am unable to pay the
full costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are
true, correct and complete.

1. Are you presently employed in prison?  ☐Yes  ☑No

   a. If the answer is yes, state the number of hours you work per week and the hourly rate of pay:

   _____

   _____

   b. State the place of your incarceration  LaC/CSP  Lancaster, CA
      Have the institution fill out the Certificate portion of this application and attach a certified copy of your prison
      trust account statement showing transactions for the past six months.

2. Have you received, *within the past twelve months*, any money from any of the following sources?
   a. Business, profession or form of self-employment?   ☐Yes  ☑No
   b. Rent payments, interest or dividends?                ☐Yes  ☑No
   c. Pensions, annuities or life insurance payments?      ☐Yes  ☑No
   d. Gifts or inheritances?                               ☑Yes  ☐No
   e. Any other income (other than listed above)?          ☐Yes  ☑No
   f. Loans?                                               ☐Yes  ☑No

   If the answer to any of the above is yes, describe such source of money and state the amount received from each

   source during the past twelve (12) months: (Gifts)  Not reliable / consistent, over 7 Grand.

   _____

3. Do you own any cash, or do you have money in a checking or savings account? (Include any funds in prison accounts, if applicable.) ☐ Yes  ☑No

If the answer is yes, identify each account and separately state the amount of money held in <u>each</u> account for each of the *six (6) months prior* to the date of this declaration.

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes   ☑No

If the answer is yes, describe the property and state it approximate value: _____

_____

5. In what year did you last file an Income Tax Return? _____

Approximately how much income did your last tax return reflect? _____

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

_____

_____

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury. I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

<u>California</u>                          <u>Los angeles</u>
      State                                County (or City)

I, <u>Sam Michael Dyess</u> _____, declare under penalty of perjury that the foregoing is true and correct.

<u>6/14/23</u>                          <u>Sam Dyess</u>
      Date                          Prisoner/Plaintiff (Signature)

## PRISONER AUTHORIZATION

If my request to proceed without prepayment of filing fees is granted, I understand that I am required by statute to pay the full amount of the filing fees for this case, regardless of my forma pauperis status and the disposition of this case. I further authorize the prison officials at this institution to assess, collect and forward to the Court the full amount of these fees, in monthly payments based on the average of deposits to or balance in my prison trust account in accordance with 28 U.S.C. Section 1915.

_____
Prisoner-Plaintiff (Signature)

## CERTIFICATE OF AUTHORIZED OFFICER

I hereby certify that the Prisoner-Plaintiff herein has credit in the sum of $ __248.73__ on account at the __LAC/CSP__ institution where Prisoner-Plaintiff is confined.

I further certify that during the past six months the applicant's average monthly balance was $ __50.00__ . I further certify that during the past six months the average of monthly deposits to the applicant's account was $ __50.00__

A certified copy of the prisoner-plaintiff's trust account statement for the last six (6) months is attached.

__7/25/23__
Date

_____
Authorized Officer of Institution (Signature)

Badge # 980 893   Rivera

Court Central District of California

S≠A Michael Dyess                          Case Number

V.    Plaintiff                   <u>Declaration in Support</u>
                                  <u>Of Request to Proceed</u>
        Defendants                <u>Without Filing Fees</u>


I S≠Michael Dyess declare under penalty of perjury I
am a prisoner-plaintiff in the above entitled case
Requesting (attached with institutional account history) to
Proceed without prepayment of fees under 28 U.S.C section
1915. If need be I will have an outside support
Pay the entire fee entirely as soon as possible

                        Respectfully Submitted

                                Si≠Michael Dyess
                                BS6620#
                                  LAC-C8P
                                  P.O. box 8457
                                  Lancaster, CA 93539

STATE OF CALIFORNIA
**GOVERNMENT CLAIM**
DGS ORIM 006 (Rev. 08/19)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

## CLAIMANT INFORMATION

| | |
|---|---|
| LAST NAME Dyess | FIRST NAME Si Michael |
| MIDDLE INITIAL | |

INMATE OR PATIENT IDENTIFICATION NUMBER (if applicable)
BS6620

BUSINESS NAME (if applicable)

TELEPHONE NUMBER

EMAIL ADDRESS
Si 1 Mikadyess@gmail.com

MAILING ADDRESS
LAC-CSP P.o. box 8457 Lancaster CA 93539

| CITY Lancaster | STATE CA | ZIP 93539 |
|---|---|---|

IS THE CLAIMANT UNDER 18 YEARS OF AGE?
☐ Yes   ☑ No

INSURED NAME (Insurance Company Subrogation)

IS THIS AN AMENDMENT TO A PREVIOUSLY EXISTING CLAIM?
☑ Yes   ☐ No

EXISTING CLAIM NUMBER (if applicable)

EXISTING CLAIMANT NAME (if applicable)

## ATTORNEY OR REPRESENTATIVE INFORMATION

| | |
|---|---|
| LAST NAME | FIRST NAME |
| MIDDLE INITIAL | |

TELEPHONE NUMBER

EMAIL ADDRESS

MAILING ADDRESS

| CITY | STATE | ZIP |

## CLAIM INFORMATION

STATE AGENCIES OR EMPLOYEES AGAINST WHOM THE CLAIM IS FILED
CDCR

DATE OF INCIDENT
admitted to CDCR
May, 2021

LATE CLAIM EXPLANATION (Required, if incident was more than six months ago)

DOLLAR AMOUNT OF CLAIM
5,000,000

CIVIL CASE TYPE (Required, if amount is more than $10,000)
☐ Limited ($25,000 or less)   ☑ Non-Limited (over $25,000)

DOLLAR AMOUNT EXPLANATION
So Much Pain and suffering continuously

INCIDENT LOCATION
CDCR

SPECIFIC DAMAGE OR INJURY DESCRIPTION
Skin Rashes; sick from swallowing wool dabris;
head aches, cancer agents putting me at high Risk
Arm hurts/collar bone already injured from cuffport door. Low sperm count, pain to get fat

CIRCUMSTANCES THAT LED TO DAMAGE OR INJURY
CDCR custody

EXPLAIN WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE DAMAGE OR INJURY
They issue these items

**GOVERNMENT CLAIM**

DGS ORIM 006 (Rev. 08/19)

## AUTOMOBILE CLAIM INFORMATION

| DOES THE CLAIM INVOLVE A STATE VEHICLE?<br>☐ Yes   ☑ No | VEHICLE LICENSE NUMBER(if known) | STATE DRIVER NAME (if known) |
|---|---|---|
| HAS A CLAIM BEEN FILED WITH YOUR INSURANCE CARRIER?<br>☐ Yes   ☑ No | INSURANCE CARRIER NAME | INSURANCE CLAIM NUMBER |
| HAVE YOU RECEIVED AN INSURANCE PAYMENT FOR THIS DAMAGE OR INJURY?<br>☐ Yes   ☑ No | AMOUNT RECEIVED (if any) | AMOUNT OF DEDUCTIBLE(if any) |

## NOTICE AND SIGNATURE

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| SIGNATURE | PRINTED NAME<br>Sc Michael Dyess | DATE<br>9/5/23 |
|---|---|---|

## INSTRUCTIONS

- Include a check or money order for $25, payable to the State of California.
  - $25 filing fee is not required for amendments to existing claims.
- Confirm all sections relating to this claim are complete and the form is signed.
- Attach copies of any documentation that supports your claim. Do not submit originals.

Mail the claim form and all attachments to:
Office of Risk and Insurance Management
Government Claims Program
P.O. Box 989052, MS414
West Sacramento, CA 95798-9052

Claim forms can also be delivered to:
Office of Risk and Insurance Management
Government Claims Program
707 3rd Street, 1st Floor
West Sacramento, CA 95605
1-800-955-0045

## Department of General Services Privacy Notice on Information Collection

This notice is provided pursuant to the Information Practices Act of 1977, California Civil Code Sections 1798.17 & 1798.24 and the Federal Privacy Act (Public Law 93-579).

The Department of General Services (DGS), Office of Risk and Insurance Management (ORIM), is requesting the information specified on this form pursuant to Government Code Section 905.2(c).

The principal purpose for requesting this data is to process claims against the state. The information provided will/may be disclosed to a person, or to another agency where the transfer is necessary for the transferee-agency to perform its constitutional or statutory duties, and the use is compatible with a purpose for which the information was collected and the use or transfer is accounted for in accordance with California Civil Code Section 1798.25.

Individuals should not provide personal information that is not requested.

The submission of all information requested is mandatory unless otherwise noted. If you fail to provide the information requested to DGS, or if the information provided is deemed incomplete or unreadable, this may result in a delay in processing.

**Department Privacy Policy**
The information collected by DGS is subject to the limitations in the Information Practices Act of 1977 and state policy (see State Administrative Manual 5310-5310.7). For more information on how we care for your personal information, please read the DGS Privacy Policy.

**Access to Your Information**
ORIM is responsible for maintaining collected records and retaining them for 5 years. You have a right to access records containing personal information maintained by the state entity. To request access, contact:

DGS ORIM
**Public Records Officer**
**707 3rd St., West Sacramento, CA 95605**
(916) 376-5300

STATE OF CALIFORNIA                                                    DEPARTMENT OF GENERAL SERVICES
**FEE WAIVER REQUEST**                                        OFFICE OF RISK AND INSURANCE MANAGEMENT
DGS ORIM 005 (Rev. 09/19)

## CLAIMANT INFORMATION

| FIRST NAME | LAST NAME |
|---|---|
| Si:Michael | Dyess |
| CLAIM NUMBER (IF KNOWN) | TELEPHONE NUMBER |
|  | Ø |

If you are an inmate in a correctional facility, please attach a certified copy of your trust account balance.

INMATE IDENTIFICATION NUMBER
BS6620

## FINANCIAL INFORMATION

☐ I am receiving financial assistance from one or more of the following programs

- Supplemental Security Income (SSI) and State Supplemental Payments (SSP)
- California Work Opportunity and Responsibility to Kids (CalWORKS)
- CalFresh/SNAP (formerly Food Stamps)
- General Relief (GR) or General Assistance (GA)

☐ Number of household members and monthly household income are within one of the categories below.

| Number of Household Members | Maximum Monthly Household Income |
|---|---|
| 1 | $1,012 |
| 2 | $1,372 |
| 3 | $1,732 |
| 4 | $2,092 |
| 5 | $2,452 |
| 6 | $2,812 |

For each additional household member beyond 6, add $360 to the maximum monthly household income

## CLAIMANT CERTIFICATION

*I request a waiver of the $25 fee to file a government claim. I declare under penalty of perjury, per Penal Code Section 72, that the information provided on this application is true and correct.*

| Signature | Date |
|---|---|
|  | 9/4/23 |

Department of General Services
Office of Risk and Insurance Management
Government Claims Program
PO Box 989052, MS 414
West Sacramento, CA 95798-9052

1-800-955-0045 - File a Government Claim

S. Michael Dyess
_____
FULL NAME

_____
COMMITTED NAME (if different)

P.O. box 857  Lea P. box
_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

A 50620
_____
PRISON NUMBER (if applicable)

Received  9-1-23
_____
           (Date)
Scanned at LAC and E-mailed
on  9-1-23  by  DR
_____
   (Date)         (Initials)
Number of pages scanned:
   20

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SIR MICHAEL DYESS,

                          PLAINTIFF,

          v.

R. VASQUEZ LOPEZ, et al.,

                          DEFENDANT(S).

CASE NUMBER

2:23-cv-06455-MEMF-JDE
_____
To be supplied by the Clerk
FIRST AMENDED

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes   ☐ No

2. If your answer to "1." is yes, how many?  1

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   "Failure to Summon medical care"
   "Medical Mal practices"

a.  Parties to this previous lawsuit:
    Plaintiff ___CDCR_____

    Defendants ___CDCR_____
    _____

b.  Court ___United states  District  court_____

c.  Docket or case number ___2:23-cv-06455_____

d.  Name of judge to whom case was assigned ___Early_____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it
    appealed?  Is it still pending?) ___Pending_____

f.  Issues raised: ___Medical  Issues / treatment_____
    _____
    _____

g.  Approximate date of filing lawsuit: ___8/3/23_____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
    occurred? ☑ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes    ☐ No

    If your answer is no, explain why not _____
    _____
    _____

3.  Is the grievance procedure completed? ☐ Yes    ☐ No

    If your answer is no, explain why not _____
    _____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff ___S. Michael Byess_____
                                                              (print plaintiff's name)
who presently resides at ___LAC  P.O. box  8457  Lancaster CA___
                            (mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
___LAC.  P.O. box 8457 (C) Cyard  cell #203_____
            (institution/city where violation occurred)

on (date or dates) _Deliberate Indifference_ , _Excessive Use of_  

Failure to protect

Cruel and unusual punishment

(Claim I)                          (Claim II)                          (Claim III)

**NOTE:**   You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant  A. Vasquez  _____ resides or works at
              (full name of first defendant)

   LAC  P.O. box 8457  
   (full address of first defendant)

   Peace officer / c/o  
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual  ☑ official capacity.

   Explain how this defendant was acting under color of law:

   Correctional officer ( Peace officer ) CDCR

2.  Defendant  Escareno  _____ resides or works at
              (full name of first defendant)

   LAC. P.O. box 8457  
   (full address of first defendant)

   Peace officer / c/o  
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual  ☑ official capacity.

   Explain how this defendant was acting under color of law:

   Correctional Peace Officer of CDCR

3.  Defendant  _____ resides or works at
              (full name of first defendant)

   _____  
   (full address of first defendant)

   _____  
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:

4.  Defendant _____ resides or works at
    _____
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
    _____
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual    ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

---

**CIVIL RIGHTS COMPLAINT**

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

• violation of 8th amendment
• Cruel and unusual punishment
• safety from staff
• safety protection from staff misconduct
• Failure to protect
• Mental Anguish — 14th Amend
• Rehabilitan Act
• (ADA) Act violated
• Retaliation

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right. Federal Civil Rights Act, 42 U.S.C §1983

① Defendant VasQuez  Opened up my door at a time it wasn't supposed to be opened, without my Request, and even if I did Request My door has set times its supposed to open. This officer violated the set time Ahead of hours.

— violations oc the Eighth Amendment can Never be Justified. The Eighth Amendment is Not a 'sometimes' or 'maybe' Proposition.

② The door opened up allowing 3 white inmates to Run up the stairs and attack me while In walking to the correctional Guard. This being a good time to turn in contraband I found in my cell but I Never Requested my door to get opened up. I tried to turn it in. Neither Guard knew I found contraband, and I was unaware I'd get attacked.

③ Defendant Escamio made up my lake spray me seeing I was in an altercation with 3 white inmates. Maliciously and sadistically

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

( Attached are More details to these paragraphs)

**CIVIL RIGHTS COMPLAINT**

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

* Monetary Relief;
* Punitive Damages;
* Declartory Judgement;
* Injuctive Reliefs;
   Permant Injunction; Get Every inmates Schedule of out cell time
   Preliminary Injunction; Add to C/o conduct RUC
   doors are opened ahead of or before hours.
* Monetary damages
   Actions that can be brought to obtain compensation
   for property loss or damage
      • Money damages

8/23/23
*(Date)*

*(Signature of Plaintiff)*

S. Michael Dyess
_____
FULL NAME

_____
COMMITTED NAME (if different)

P.O. box 8457 ___ _____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

A306030
_____
PRISON NUMBER (if applicable)

Received _____
(Date)

Scanned at LAC and E-mailed
on _____ by _____
(Date)        (Initials)

Number of pages scanned:
_____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SIR MICHAEL DYESS, | PLAINTIFF | CASE NUMBER |
| v. | | 2:23-cv-06455-MEMF-JDE |
| R. VASQUEZ LOPEZ, et al., | | FIRST AMENDED |
| | DEFENDANT(S) | CIVIL RIGHTS COMPLAINT PURSUANT TO (Check one) |
| | | ☐ 42 U.S.C. § 1983 |
| | | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes  ☐ No

2.  If your answer to "1." is yes, how many? ___

    Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

    " Failed to Summon chronic care"
    " Medical Mal practice "

a. Parties to this previous lawsuit:
Plaintiff _____ C D C _____

Defendants _____ C D C R _____

b. Court _ι Λ ο ι τ ı d _ s t a t e ς _____

c. Docket or case number _2 ; 2 2 _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: ___ M e d ı c a l _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed? ☑ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
                                                         (print plaintiff's name)

who presently resides at _____ c e a s l - r C R
                              (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
L D C , P O b o x   8 4 5 7   ( C ) C l o v ı s   c e l l # 2 0 3
(institution/city where violation occurred)

CV-66 (7/97)                    CIVIL RIGHTS COMPLAINT

*Failure to protect* *cruel and unusual punishment*

on (date or dates) _____ _____ _____
                          (Claim I)              (Claim II)           (Claim III)

NOTE:   You need not name more than one defendant or allege more than one claim. If you are naming more than
        five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant  A. Vasquez _____ resides or works at
                   (full name of first defendant)
               LAC. P.o.box 9957 _____
                   (full address of first defendant)
               Peace officer / c/o _____
                   (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☑ individual  ☑ official capacity

    Explain how this defendant was acting under color of law:
    _____ Correctional _____ officer ____ at ____ LAC _____
    _____

2.  Defendant  Escareno _____ resides or works at
                   (full name of first defendant)
               LAC. P.o.box 9957 _____
                   (full address of first defendant)
               Peace officer / c/o _____
                   (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☑ individual  ☑ official capacity

    Explain how this defendant was acting under color of law:
    _____ Correctional _____ officer _____ at ____ LAC _____
    _____

3.  Defendant  _____ resides or works at
                   (full name of first defendant)
               _____
                   (full address of first defendant)
               _____
                   (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity

    Explain how this defendant was acting under color of law:
    _____
    _____
    _____

4.  Defendant _____ resides or works at

      (full name of first defendant)

      _____

      (full address of first defendant)

      _____

      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5.  Defendant _____ resides or works at

      (full name of first defendant)

      _____

      (full address of first defendant)

      _____

      (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

### D. CLAIMS*

CLAIM 1

The following civil right has been violated:

- Violation of [illegible]
- Cruel and unusual [illegible]
- Safety from staff
- Safety protection [illegible]
- Failure to protect
- Mental Anguish [illegible]
- Rehabilitation Act
- (ADA) Act [illegible]
- Retaliation

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right. [illegible] Rehab Act & U.S. C81983

(1) Defendant VasQuez [illegible] my door at a time it wasn't [illegible] without my Account, and [illegible] of a Account my door was [illegible] poset to [illegible] This officer violated [illegible] [illegible] Be the Eighth Amendment [illegible] Eighth Amendment not a "sometimes" or "may" proposition.

(2) The door open [illegible] 3 [illegible] is inmates to run [illegible] attack me while in walk [illegible] world. This bear a [illegible] in contraband I found [illegible] Bee [illegible] my door to get [illegible] to him iN. Neither Good Way I found contraband [illegible] Get attacked.

(3) Defendant [illegible] doing me [illegible] I was

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

[illegible]

E. **REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

- Monetary Relief:
- Punitive Damages:
- Declaratory Judgement:
- Injunctive Relief:
  Prevent Injunction: Get Every inmate Schedule of out cell time
  Discretionary Injunction: Add to C/o conduct R.I.C
  Hours are spened ahead at or before hours
- Monetary damages
  Actions that can be brought to obtain compansation
  for property loss or damage
  - Money damages

_____

S/23/23                          [signature]
_____                      _____
(Date)                           (Signature of Plaintiff)

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9         CENTRAL DISTRICT OF CALIFORNIA
10             WESTERN DIVISION
11
SIR MICHAEL DYESS,                )    Case No. 2:23-cv-06455-MEMF-JDE
12                                )
                Plaintiff,        )
13                                )    ORDER REGARDING
                v.                )    COMPLAINT
14                                )
R. VASQUEZ LOPEZ, et al.,         )
15                                )
                Defendants.       )
16                                )
17                                )

18                   **I.**

19              **INTRODUCTION**

20        On August 3, 2023, the Court received from Sir Michael Dyess

21   ("Plaintiff"), a state prisoner at California State Prison, Los Angeles County,

22   proceeding pro se and seeking leave to proceed in forma pauperis, a civil rights

23   complaint under 42 U.S.C. § 1983 against two correctional officers, R. Vasquez

24   Lopez and M. Escareno (collectively, "Defendants"), in their individual

25   capacity only, for violations of the Eighth Amendment. Dkt. 1 ("Complaint").

26        Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint if it

27   is frivolous or malicious, fails to state a claim upon which relief may be

28   granted, or seeks monetary relief from a defendant who is immune from such

                            1

1   relief. For the reasons explained below, the Complaint is subject to dismissal

2   for failure to state a claim upon which relief may be granted.

3                                   **II.**

4               **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

5      Plaintiff claims he was "set up by 2 officers working [his] housing unit

6   and 3 white male inmates." Complaint at 5 (CM/ECF pagination). He claims

7   as follows.

8      Plaintiff is a mental health inmate with single cell status. He had recently

9   moved to a new cell and alerted Lopez that he found a weapon in his cell.

10   Complaint at 5. Lopez opened Plaintiff's cell door, which occurred at

11   approximately 5:00 a.m., a couple of hours before breakfast. Plaintiff contends

12   he is "not an inmate that should or ever had his door opened before the 1st

13   meal of the day for any reason, not even if [he] requested." Id. at 5-6. Lopez

14   also "let out 3 white male inmates that were housed next door" to Plaintiff. Id.

15   at 5. It is unclear from Plaintiff's allegations whether Lopez opened the cell

16   doors at the same time, or whether the other inmates were already in the

17   common area.

18      As Plaintiff walked out of his cell towards the "floor cop" to turn in the

19   weapon, the three male inmates "ran up the steps screaming 'give us that

20   weapon' we're going to beat your axx [alteration in original]. We left that

21   weapon in that cell." Complaint at 5-6. Plaintiff backed away, but the other

22   inmates continued to approach, "throwing things" at him and "swinging on"

23   him. Plaintiff "swung closed fist back trying to defend" himself. Id. at 6.

24      Escareno then pepper sprayed Plaintiff in the back of the head while

25   Plaintiff's back was turned, which Plaintiff claims left him in "an even more

26   vu[l]nerable state with 3 inmates in front of [him] trying to engage in

27   violence." As more officers arrived, Plaintiff lay down on the ground, after

28   which he was handcuffed and escorted out. Plaintiff was told he could either

1  go to the administrative segregation unit pending a transfer or return to the
2  same housing unit where the other inmates were located. It appears he chose
3  administrative segregation. Complaint at 6. In an administrative grievance
4  attached to the Complaint, Plaintiff further alleges that the other inmates hit
5  him in the face with a water bottle, requiring outside medical treatment. Id. at
6  11.

7      Based on the foregoing, Plaintiff seeks a declaratory judgment, monetary
8  and punitive damages, and unspecified injunctive relief. Complaint at 7.

9                                   III.

10                        STANDARD OF REVIEW

11      A complaint may be dismissed for failure to state a claim for two
12  reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a
13  cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d
14  1097, 1104 (9th Cir. 2008). Pleadings by pro se plaintiffs are reviewed liberally
15  and afforded the benefit of the doubt. Erickson v. Pardus, 551 U.S. 89, 94
16  (2007) (per curiam; see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)
17  (as amended). However, "a liberal interpretation of a civil rights complaint
18  may not supply essential elements of the claim that were not initially pled."
19  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997)
20  (citation omitted). "[T]he tenet that a court must accept as true all of the
21  allegations contained in a complaint is inapplicable to legal conclusions."
22  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

23      In assessing whether a complaint states a viable claim, the Court applies
24  the same standard as it would when evaluating a motion to dismiss under
25  Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). See Rosati v.
26  Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Rule 12(b)(6), in
27  turn, is read in conjunction with Rule 8(a) of the Federal Rules of Civil
28  Procedure ("Rule 8"). Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir.

                                    3

2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Though Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which [that claim] rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation omitted); see also Iqbal, 556 U.S. at 678 (observing that Rule 8 standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995) (finding that even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"); Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

Thus, to survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Id. Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not show "that the pleader is entitled to relief," and thus are insufficient to state a claim that is "plausible on its face." Id. at 678-79 (citations omitted). "Taken together, Iqbal and Twombly require well-pleaded facts, not legal conclusions that 'plausibly give rise to an entitlement to relief.' The plausibility of a pleading thus derives from its well-pleaded factual allegations." Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (citations omitted).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend.

4

1   See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave

2   to amend should be granted if it appears possible that the defects in the

3   complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31;

4   see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that

5   "[a] pro se litigant must be given leave to amend his or her complaint, and

6   some notice of its deficiencies, unless it is absolutely clear that the deficiencies

7   of the complaint could not be cured by amendment"). However, if, after

8   careful consideration, it is clear that a complaint cannot be cured by

9   amendment, the Court may dismiss without leave to amend. See, e.g., Chaset

10  v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there

11  is no need to prolong the litigation by permitting further amendment" where

12  the "basic flaw" in the pleading cannot be cured by amendment).

13                                    **IV.**

14                               **DISCUSSION**

15  **A.   General Standard for Civil Rights Claims**

16          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a

17  particular defendant, acting under color of state law, caused a deprivation of

18  the plaintiff's federal rights. See West v. Atkins, 487 U.S. 42, 48 (1988).

19  Allegations regarding causation "must be individualized and focus on the

20  duties and responsibilities of each individual defendant whose acts or

21  omissions are alleged to have caused a constitutional deprivation." Leer v.

22  Murphy, 844 F.2d 628, 633 (9th Cir. 1988). A constitutional deprivation is

23  "caused" when a person: (1) "does an affirmative act, participates in another's

24  affirmative acts, or omits to perform an act which he is legally required to do

25  that causes the deprivation"; or (2) "set[s] in motion a series of acts by others

26  which the [defendant] knows or reasonably should know would cause others to

27  inflict the constitutional injury." Lacey v. Maricopa Cty., 693 F.3d 896, 915

28  (9th Cir. 2012) (en banc) (citation omitted); see also Taylor v. List, 880 F.2d

                                      5

1040, 1045 (9th Cir. 1989) (holding liability under Section 1983 arises upon a showing of personal participation by the defendant). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

**B.**   **The Complaint Fails to State an Eighth Amendment Claim**

Plaintiff appears to assert two Eighth Amendment claims.[1] First, he claims Lopez violated his Eighth Amendment rights by failing to protect him from an assault by other inmates. Second, he claims Escareno's use of pepper spray during the altercation with the other inmates constituted excessive force.

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. The treatment of a prisoner and the conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993).

1.   Failure to Protect

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (alteration in original) (citation omitted). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society." Id. at 834 (citation omitted). The Eighth Amendment protects against future harm to prisoners because prisoners must be furnished with "basic human needs," including "reasonable safety." Helling, 509 U.S. at 33 (citation omitted).

---

[1] Plaintiff also refers to "negligence." See Complaint at 3, 5. It is unclear whether Plaintiff intends to state a separate, independent cause of action for "negligence," as opposed to a theory underlying his Eighth Amendment claims. To the extent Plaintiff intends to assert a separate, state law claim for negligence, Plaintiff fails to state a claim on which relief can be granted because he has not explained how either Defendant is liable under this cause of action.

6

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer, 511 U.S. at 828. This inquiry involves two parts, "one objective and one subjective." See Allen v. Sakai, 48 F.3d 1082, 1083 (9th Cir. 1995) (as amended) (citing Farmer, 511 U.S. at 834). First, the prisoner must show that he was "incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834. Second, he must show that the prison official knew of and disregarded an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Here, Plaintiff alleges that he was assaulted by three other inmates when Lopez opened their cell doors early one morning after Plaintiff reported he found a weapon in his cell. Complaint at 5-6. Plaintiff alleges that he is a mental health inmate and his cell door should not have been opened at that time of day. Id. at 5.

These allegations are insufficient to state an Eighth Amendment claim. Plaintiff has not shown Lopez acted with deliberate indifference to his safety. There are no factual allegations that Lopez knew Plaintiff was a mental health inmate, that his cell door should not be opened at that time of day, or that Plaintiff was at risk of assault by other inmates if his cell door was opened at that time. The allegations of the Complaint reflect that Lopez opened Plaintiff's cell door for a legitimate security concern, namely, because Plaintiff reported a weapon in his cell. Plaintiff has not alleged any facts from which it reasonably could be inferred that Lopez was aware of and disregarded an excessive risk to Plaintiff's safety.

As currently pled, Plaintiff's allegations are insufficient to state an Eighth Amendment failure to protect claim.

7

2.     Excessive Force

The Eighth Amendment prohibits the use of excessive physical force against inmates. <u>Farmer</u>, 511 U.S. at 832. When prison officials are accused of using excessive force, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 37 (2010) (per curiam) (citation omitted). For claims of excessive force, the Eighth Amendment inquiry has two components: (1) the objective component asks whether "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation"; and (2) the subjective component asks "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." <u>Bearchild v. Cobban</u>, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-8 (1992)). In determining whether a use of force was wanton and unnecessary, courts may consider such factors as: (1) the extent of injury suffered by the prisoner; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. <u>Hudson</u>, 503 U.S. at 7. "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." <u>Whitley v. Albers</u>, 475 U.S. 312, 321 (1986).

Here, Plaintiff alleges that Escareno pepper sprayed him in the back of the head during the altercation with the other inmates, which Plaintiff claims left him in "an even more vu[l]nerable state[.]" He claims it was "done maliciously and sadistically for the purpose [of] causing harm due to the fact it could have distracted [him] to the point [he] got assaulted more." Complaint at

8

6. Such allegations are insufficient to state an Eighth Amendment excessive force claim. Plaintiff does not allege any injury, let alone sufficient facts to show directly or by reasonable inference that the use of force was not a good-faith effort to maintain or restore discipline, but done maliciously and sadistically to cause harm. As currently pled, the Complaint fails to allege facts sufficient to state a claim for excessive force rising to the level of an Eighth Amendment violation and is subject to dismissal.

## V.

## CONCLUSION AND ORDER

Based upon the deficiencies identified above, the Complaint is subject to dismissal. Accordingly, the Court provides Plaintiff with several options regarding how to proceed. **Within thirty (30) days of this Order**, Plaintiff must choose one of the following options and file the document required by that option:

1.  If Plaintiff believes the deficiencies set forth above can be remedied, Plaintiff shall file a First Amended Complaint attempting to remedy the defects of the Complaint. Plaintiff's First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; be complete in and of itself without reference to the prior complaint or any other pleading, attachment, or document; and shall properly identify all defendant(s) and specify all facts upon which Plaintiff alleges a particular defendant caused an alleged constitutional violation. The First Amended Complaint may not alter the nature of this suit by alleging new, unrelated claims. The Clerk is directed to send Plaintiff a blank Central District civil rights complaint form, which Plaintiff is encouraged to use.

OR

9

2.  If Plaintiff disagrees with the above analysis and/or believes sufficient further factual allegations cannot be added to the Complaint to remedy the deficiencies identified, then Plaintiff shall file a Notice of Intent to proceed with the Complaint. If Plaintiff chooses to file such Notice of Intent, the Court may treat the election as a statement that Plaintiff is unable to amend the Complaint to address the defects identified, which may result in dismissal of the action.

OR

3.  If Plaintiff no longer wishes to pursue this action, Plaintiff may dismiss it by filing a Notice of Dismissal under Federal Rule of Civil Procedure 41(a)(1). A voluntary dismissal in this instance may not constitute a "strike" under 28 U.S.C. § 1915(g), whereas a dismissal of an action filed by a prisoner because it "fails to state a claim upon which relief may be granted" may constitute a "strike." See 28 U.S.C. § 1915(g). The Clerk also is directed to send Plaintiff a Central District request for dismissal form.

**Plaintiff is cautioned that failure to timely file a fully compliant response as directed in this Order may result in the dismissal of this action for the foregoing reasons, failure to prosecute, and/or failure to comply with a court order.**

Dated: August 16, 2023 ____

JOHN D. EARLY
United States Magistrate Judge

10

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | CASE NUMBER |
|---|---|
| PRISONER/PLAINTIFF, | 2:23-CV-06455-MEMF-JDE |
| v. | |
| | **REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES WITH DECLARATION IN SUPPORT** |
| DEFENDANT(S). | |

I, ___*Sir Michael Dyess*___, declare under penalty of perjury, that the following is true and correct; that I am the prisoner-plaintiff in the above entitled case;  that in support of my request to proceed without prepayment of fees under 28 U.S.C. Section 1915, I declare that because of my poverty I am unable to pay the full costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1.  Are you presently employed in prison?  ☐Yes   ☑No

    a.  If the answer is yes, state the number of hours you work per week and the hourly rate of pay:

    _____

    _____

    b.  State the place of your incarceration ___LAC___.
        Have the institution fill out the Certificate portion of this application and attach a certified copy of your prison trust account statement showing transactions for the past six months.

2.  Have you received, *within the past twelve months*, any money from any of the following sources?

    | | | | |
    |---|---|---|---|
    | a. | Business, profession or form of self-employment? | ☐Yes | ☑No |
    | b. | Rent payments, interest or dividends? | ☐Yes | ☑No |
    | c. | Pensions, annuities or life insurance payments? | ☐Yes | ☑No |
    | d. | Gifts or inheritances? | ☐Yes | ☑No |
    | e. | Any other income (other than listed above)? | ☐Yes | ☑No |
    | f. | Loans? | ☐Yes | ☑No |

    If the answer to any of the above is yes, describe such source of money and state the amount received from each

    source during the past twelve (12) months: _____

    _____

accounts, if applicable.) ☐ Yes   ☒ No

If the answer is yes, identify each account and separately state the amount of money held in <u>each</u> account for each of the *six (6) months prior* to the date of this declaration.

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes   ☒ No

If the answer is yes, describe the property and state it approximate value: _____

_____

5. In what year did you last file an Income Tax Return? ___2020___

Approximately how much income did your last tax return reflect? ___0$___

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

_____ NONE _____

_____

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury. I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

___CA___
State

___L.A. (Los Angeles)___
County (or City)

I, ___Sir Michael Dyess___, declare under penalty of perjury that the foregoing is true and correct.

___8/22/23___
Date

_____
Prisoner/Plaintiff (Signature)

## PRISONER AUTHORIZATION

If my request to proceed without prepayment of filing fees is granted, I understand that I am required by statute to pay the full amount of the filing fees for this case, regardless of my forma pauperis status and the disposition of this case. I further authorize the prison officials at this institution to assess, collect and forward to the Court the full amount of these fees, in monthly payments based on the average of deposits to or balance in my prison trust account in accordance with 28 U.S.C. Section 1915.

_____

Prisoner-Plaintiff (Signature)

## CERTIFICATE OF AUTHORIZED OFFICER

I hereby certify that the Prisoner-Plaintiff herein has credit in the sum of $_____ 318.00 _____ on account at the _____ Lnc _____ institution where Prisoner-Plaintiff is confined.

I further certify that during the past six months the applicant's average monthly balance was $_____. I further certify that during the past six months the average of monthly deposits to the applicant's account was$_____.

A certified copy of the prisoner-plaintiff's trust account statement for the last six (6) months is attached.

_____          _____
          Date                      Authorized Officer of Institution (Signature)

Case No 2:23-cv-06455-MEMF-JDE (Motion for appointment of An Attorney)

Dear court

I'm Requesting that you a motion for the court to appoint my (judicial Bias) an attorney. I don't have funds to hire an attorney. I was looking for a lawyer to take the case on a contingency fee and or volunteer basis, but None so far. I'm unable to Represent myself adequate due to mental health Problems and confinement issues/access to legal research. The law is complex and all these suits are governed by Many special Rules of civil procedure and local court rules. The task of training and following all the laws and Rules, and gathering Evidence for a trial is nearly impossible for a prisoner with No training.

Please Grant this Motion Under a Penalty of Perjury I swear this ongoing statements to be true. 8/23/23

V.

United District Court
Central District of
California

8/22/23

Motion for Leave to Amend

Addressing my complaint (# 2:23-cv-06455-MEMF-

JDE: S. Michael Dyss (sic Purcell v. Taylor (1981) 451 US 527

Request that the court acknowledges his courtroom

motion for his complaint to be granted due to minor

deficiencies detected. I'm turned in my entire

complaint, original copies. No copies were made.

Due to Law finding in my trust account

and low staffing here at (LAC) it is extremely

hard to correspond with the staff as well

as get access to the things and matter

copies. It dosn't mean that my complaint

Should it be acknowledged or that I don't

have one. However if I compared any confusion

please email or read via mail my original

copies back to me I compay or have

someone pay for the mailings but I'm

hoping this minor defect does not dodge

the court from getting my complaint

Process started. Also this complaint has

Video footage if need be. Please take into

consideration my lack of access to things helpful

to my case while its confinement.

Activity in Case 2:23-cv-06455-MEMF-JDE

Sir Michael Dyess v. R. Vasquez Et AL Notice
of Deficiency in Prisoner Email Pilot Project
(cv-12) Response.

Sir Michael Dyess v. California Department of
corrections/R. Vasquez Et AL

Motion for leave to file my
Documents by U.S. Mail

On 8/3/23 the court received, though
the United States Mail, a complaint, t
Under 42 U.S.C 1983 course of General
Order No. 18-09 I presented my documents
to the courts without having them scanned
and abiding by the pilot project guidelines.
This Motion I'm Requesting to have Granted
By the courts is a Request to Preced with
My complaint the U.S. Mail, and to Continue
My complaint and acknowledged it along with
the attached document, attesting all my remedies.
Attached with this motion is an informal letter as well.
Under a penalty of perjury all the foregoing statements
are sworn to be True to my best knowledge?

United District Court
Central District of
Calicornia

Inmate B56620
V.
Lopez Et.al

2:23-cv-06455-
MEF-JDE.

<u>Supporting Facts Regarding</u>
<u>the complaint</u>

Complaint Attachment/Amend.
Supporting Documents/Facts
Regarding Complaint

## I. Introduction

This is a civil Rights complaint for declaratory relief and monetary damages Punitive damages Injunctive Relief brought over the use of unreasonable unnecessary and excessive use of force in violation of the legal rights of plaintiff (Dyess) while he was incarcerated at the california State Prison LAC (Los Angeles county) by defendant Lopez. This is a civil Rights complaint brout over the failure to protect rights, cruel and unusal punishment and that is violating the plaintiff's Eigh Amendment. This is a "fair Notice". Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) who Else is being sued in individual capacity is officer Lopez who opened up my cell door for attack to take place.

## II. Jurisdiction And Venue

1.) This is a civil Rights action under 42 U.S.C. § 1983 to redress the deprivation under color of state law of Rights, privileges and immunities guaranteed by the eigth Amendment of the United states constitution. This court has Jurisdiction pursuant to 28 U.S.C § 1331 and 1343. 2.) This court has Jurisdiction over

VI Cause of Action
(42 U.S.C. § 1983, 8th Amendment to U.S.
Constitution Plaintiff Dyess v. Lopez Et al)

The allegations contained in paragraphs 1 through 3 of complaint inclusive, are hereby incorporated by reference.

Defendant Lopez violated plaintiffs right to be free from cruel and unusual punishment guaranteed to the plaintiff by the 8th amendment of the United States Constitution by his actions of intimidation, abuse, harassment and other violations of law against plaintiff.

• Defendants wrongful actions alleged herein are in Violation of 42 U.S.C. § 1983 because they have deprived plaintiff of rights, benefits, and privileges Secured by the United states Constitution.

• Defendant (Lopez, JM) acted under color of state law.

• Defendant (Lopez et al) Knew or should have known that his conduct, attitudes and actions created an unreasonable risk of serious harm to plaintiff.

• The actions and conduct of defendant (Lopez) demonstrate deliberate indifference to plaintiffs Eighth Amendment Rights.

• As a proximate Result of the defendants violation Of plaintiffs right to be free from cruel and unusual punishment while he was At LAC-CSP, Plaintiff has suffered, is suffering, and will suffer irreparable harm.

• As a direct and foreseeable result of the defendants violations of the Eighth Amendment, Plaintiff has suffered, is suffering and will continue to suffer physical injuries in the form of damage to his Lip, back of head, and other injuries.

attitudes and actions created an unreasonable risk of
Serious harm

* The actions and conduct of defendants demonstrate deliberate indifference Plaintiffs Eigth Amend ment Rights

* As a proximate result of the defendants Violation of plaintiff's right to be free from cruel and unusual punishment while he was at LAC-CSP, Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm.

* As a direct and foreseeable result defendant Violations of the Eighth amendment, plaintiff has suffered, is suffering and will continue to suffer physical injuries in the form of damage +⊙

B As a direct and foreseeable result of the defendants Violations of the Eigth Amendment, plaintiff has suffered is suffering and will continue to suffer injuries in the form of pain and suffering, shame, num iliation degradation, emotional distress, embarrassment, mental distress and other injuries, Busted lip imate to head outside
hospital care.

* An actual controversy exists between plaintiff and defendant concerning their rights, privileges, and obligations.

* Defendants acts were willful, intentional, malicious, wanton, and despicable in conscious disregard to plaintiffs rights, entitling plaintiff to an award of exemplary damages.

<u>Prayer For Relief</u>

Where fore plaintiff respectfully prays for relief as follows:
1.) Issue a declaratory judgment that the defendants' actions complained of herein violate plaintiffs right under the U.S. constitution and as otherwise alleged herein.
2.) Award Plaintiff Monetary Damages, compensatory and punitive in an amount

Sir Michael Dyess

United States District Court

Inmate #BS6620 plaintiffs

Central District of California

Supporting facts Preparing
Complaint

(Case number)

V,

CDCR Employees Lopez
Escareno, et al

2:23-CV-06455-MEMF
JDE

Statement of facts
Connected to Officer Escareno's
Statement
From Plaintiff / Declaration

I, plaintiff (Sir Michael Dyess) have underlined several parts
of officer Escareno's initial statement about this incident
that I present to the Courts chambers today. Proving
this officer sprayed O/c maliciously and sadistically to
further enhance his Request to "get down" while a violent
alteration took place he pepper sprayed which at that
time was Excessive Use of force and deliberate
indifference seeing that I was out numbered 3 to 1
by attacking inmates that ran up the stairs
initiating the violence. Some how it turned into failure
to protect as well. Spraying at that time was an
extremely bad call. The way the C/o (Escareno) words it
he connects words in his sentences that makes it seem
like a some point and time during this incident
he became my target. While out Numbered by 3 inmates
to one why would I be the one that looks like
I'm Not trying to get away from the attacking inmates
After Lopez opens my door at an unexpected time. Around
the same time he let those 3 attacking inmates out and

1983 allows persons to sue state and local officials who violate federally-protected rights. Section 1983 reads as follows: Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any stat, or the Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the united states or other person within the Jurisdiction there of to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress. (see Crumpton V. Gates)(4th Cir. 1991) 947 F.2d.1418,1420. All Remedies where Exhausted (see 42 U.S.C §1997e(a) Bishop V. Lewis (9th Cir. 1998)155 F.3d 1094. The Requirement also applies even if the prisoner is not bringing a constitutional claim under § 1983, but is raising only claims under (the) (ADA) or the federal Rehabilitation Act (see O'Guinn V. Lovelock Corr. Center 9th Cir. 2007) 502 F.3d 1056, 1066-1067 I am the person who suffered the deprivation of Rights see Warth V. Seldin (1975) t 20 U.S. 490 [95 S. Ct. 2197; 45 L. Ed. 2d 343]. In case brought for injunctive relief under the Americans with Disabilities Act (42 U.S.C § 12101 et seq.) and the Rehabilitation Act (29 U.S.C. § 701(b)(1)(F), plaintiffs can name the state itself as a defendant. See Clark V. California (9th Cir. 1997) 123 F.3d 1267; Edwards V. California Dept of corrections (N.D.Cal 2001) NO. C-00-0x13 VRW, affirmed (9th Cir. 2002) 5 0 Fed. Appx.3 86; see also Hason V. Medical Board of California (9th Cir. 2002) 279 F.3d 1167. I'm making this complaint demonstrating that the disability based discrimination I suffered also amounted to a constitutional violation. See United love

(1992) 502 U.S. 1 6-7 [112 S.Ct. 995; 117 L.Ed. 2d 156],
Whitley v. Albers (1986) 475 U.S. 312 [106 S.Ct. 1078;
89 L.Ed. 2d 251]. This act was done maliciously
and sadistically to cause harm, along with
the watch tower Correctional officer Vasquez Lopez
opening up my cell door at an unexpected time.

The foregoing is sworn to be true
and I swear under a penalty of
perjury that to the best of my
knowledge all these things are
facts.  X _____ 9/1/23.

9/1/23

Central District of California

Supporting Facts Regarding (Case number)
~~the Complaint~~                    2:23-CV-06455-MEMF-JDE

S. Michael Dyess
Inmate # BS6620  Plantiffs
      V.

CDCR Employees R.Vasquez Lopez

      Defendants                    Notice of court
                                    Room correspondence
                                    Statement of Facts
THERE WAS A Mix up Where My-06456-case Got labled as my-06455-case. (Attachments)
ON 9/1/23, I Served on the United States District court,
Central District of california, threw Scanning by the
institution 20 Scanned pages pertaining to my claim
2:23-cv-06455-MEMF-JDE, Exhibits A threw   are attached
documents supporting my claim. My Claim was amended.
Please attach the already (in you guys custody) exsisting
Supportavie documents to this claim. These New exsisting
items have been scanned and Now I'm sending
Original copies threw the U.S.Mail. In these New Supportive
documents showing I got injured (obtained outside hospital
evaluation) busted/ split lip (Upper) and an extreme amount of
Mase in the back of my head and facial area.
As well as Staff Statements and inappropriate behavior
in the computer System connected to My RVR. Along
with more Statement of facts and case logs/citations
Supporting the amended complaint.(see, eg Wolfe v. McDonnell
(1974)418 U.S.539,555[945.Ct. 2963;41 L.Ed.2d 935] the supreme court
has repeatedly has held that there must be an accomodation
between institutional Needs and objectives and the provisions
of the constitu~~tion~~ that are of general application. See Bell v.
Wolfish (1979) 441 u.s. 520,545-546[99 s.ct.1861;60 L.Ed.2d 447I], quoting
Wolff v. McDonnill (1974) 418 u.s. 539, 555-556 [945.ct. 2963;41 L.Ed.2d 935]

actions of the defendants/inactions of the defendants was the Actual Cause of the deprivation of Rights. See Lee v. Murphy (9th Cir. 1988) 844 F.2d 628, 633-634. See Lee v. Murphy (9th Cir. 1988) 844 F.2d 628, 633. These claims attached to my complaint are not simple negligence or carelessness but "deliberate indifference". See Branch v. Tunnell (9th cir. 1991) 937 F.2d 1382, 1386; See also Foster v. Skinner (9th Cir. 1995) 70 F.3d 1084, 1088 n. 7; Barry v. Ratelle (S.D. Cal. 1997) 985 F. Supp. 1235, 1239. Mental Suffering See Memphis Community School Dist. v. Stachura (1986) 477 U.S. 299, 308 [106 S. Ct. 2537; 91 L. Ed. 2d 2497. The conduct violates/violated the law. IN conclusion these attachments and supporting Facts are sworn under a penalty of perjury by the plaintiff (x ~~_____~~) that the foregoing statements are true to the best of my knowledge. These papers were filed at a later date then others concurrent to them is because the accessability is extremely low to law Library and other legal accomodations

Date 9/1/23

United States District Court

(Supporting Facts Regarding)

Nyess
V. plaintiff

(Supporting Facts Regarding)
complaint

Supporting Complaint / Supporting Facts/ Documents Attached

Lopez et al. defendant                          Case NO. 2:23-cv-06455-MEMF-JDE

Response to deficiencies Identified: To state a claim under
42 U.S.C § 1983, a plaintiff must allege that a particular
defendant, acting under color of state law, caused a deprivation
of the plaintiffs federal rights. See West v. Atkins 487 U.S. 42,
48 (1988). When discussing constitutional injury see Lacey v.
Maricopa Cty., 693 F.3d 896, 915 (9th cir 2012 (En banc)
(citation omitted); see also Taylor v. List, 880 F.2d 1040, 1045,
(9th cir. 1989) "Prison officials" have a duty to to
protect prisoners from violence at the hands of other
prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994) (alteration
in original) (citation omitted). Being "violently assaulted in
Prison is simply not part of the penalty that criminal
offenders pay for their offenses against society." Id. at 834
(citation omitted). The Eigth Amendment protects against future
harm to prisoners because prisoners must be furnished with
basic human needs including "reasonable safety" Helling, 509 U.S.
at 33. Citation omitted). A separate cause of Action is not
sought for the staff misconduct/ negligence at this time.
(Statement of Facts)

.) Failure to protect claim (claims were Rejected by state Board of control)
The entire incident is on video footage. I Never Requested for
ly cell door to be opened at any time of the day, on that day
5/31/23 or any other days since I've been incarcerated. The day and
time the incident took place. I asked the control tower (officer
was my water on? My cells water was having issues and I asked
assuming) they had a switch in the control tower for the water.
System and it get fixed get. My door opened up Never once did
I try to report this contraband in any way shape or form other than
(escorting)
talking up to a patroling officer and turning it in hand to hand.
The tower or flor officer had No knowledge of the discovered
contraband in my cell. Speaking to the tower about my water syst
he took it upon his self to open my door with 3 white male
Inmates already on the tier downstairs My cell door is only suppose to
be opened At the first mail of the day. Not before that or at my

Indifference; See Robinson V. Prunty (9th cir. 2001) 249 F.3d 862, 866-867. Eigth Amendment claim after a long escalation of violence known to and facilitated by prison staff, adequately stated Eigth Amendment claim of "failure to Protect" claim. This is Not the First prison or First time at this prison where my door came open and violence occured (Attached Are More Previous 602's). I was completely unaware these 3 inmates would Run up the stairs looking to assault me by throwing weapons/Items used to be weapons at me. These prison officials state of mind (Espically the command tower [Lopez] violated my 8th Amendment due to the deprivation being so sufficiently serious. See (Wilson V. seitor) 1991·501 U.S. 294, 298 [111 s.ct. 2321; 115 L.Ed. 2d 271]. This objective component requires a deprivation of "minimal civilized measures of life's necessities," See Hudson v. McMillan (1992) 503 U.S. 1, 9 [112 s.ct. 995; 117 L.Ed. 2d 156], citing Rhodes V. chapman (1981) 452 U.S. 337, 347 [101 s.ct. 2392; 69 L.ed.2d 597. These are "basic humans Needs" that include "adequate food clothing, shelter, sanitation, medical care and personal safety." See Hoptowit V. Ray (9th cir. 1982) 682 F.2d 1237, 1246. Serious or significant injury is not always required for an Eigth Amendment claim. (see) Hudson V. McMillan (1992) 503 U.S. 1, 4 [112 s.ct. 995; 117 L.Ed. 2d 156]. ~~~~~~ "Imminent danger" and the condition is sure or very likely to cause serious illness and needless suffering, see Helling V. Mckinney (1993) 509 U.S. 25, 33 [113 s.ct 2475; 125 L.Ed.2d 22] (exposed to cigarette Smoke); The prison officials conduct was "Wanton", see Wilson J. seitor (1991) 501 U.S. 294, 302 [111 s.ct. 2321; 115 L.Ed.2d 271]; Le Maire V. Maass (9th cir. 1993) 12 F.3d 1444, 1451-1452. Also see Wilson V. seitor (1991) 501 U.S. 294, 302 [111 s. Ct. 2321; 115 L.Ed 2d 221]; Estelle V. Gamble (1976) 429

u.s 97, 104 [97 S. ct. 285; 50 L. Ed. 2d 251]. He opened my door at a time it wasn't supposed to be. Regardless re a Request was made for it to be opened up or Not. An inmate can yell after hours 12 oclock mindnight for his door to be opened, Does that mean the staff should do it, No. Neither should it have been opened up in this case. A prison offical acts with deliberate indifference if he or she knows of and disregards an inhumane condition or action that constitues an excessive risk to inmate health or safety. That Risk is obvious (opening someones door at an unauthorized time, see Farmer V. Brennan (1994) 511 u.s. 925, 838-839, 842-843 [114 S. ct. 1970; 128 L.Ed. 2d 811]. See Id. at 843, Fn. 8. This is apart of the "crushing avalanch" cases (See Hernandez v. Denton 9th cir 1988) Reversed (Denton V. Hernandez (1992) 504 u.s.

②) Excessive Use of Force
Plaintiff (sir Michael Dyoss) alleges Escanno pepper sprayed me while he Was behind me and I faced the 3 attacking inmates still approaching me with weapons in their hands/on their person. Pepper spraying an inmate that is visually out Numbered plus having his back to an approaching guard/the guard that pepper sprayed was not a guard operating on good faith, Nor was force being applied to maintain or restore discipline. Also the wrongdoing was objectively harmful enough to establish a constitutional violation. I suffered a burn Rash on the back of my ~~head~~ Neck and head, a busted lip from being distracted by officer spray, Mace in my Eyes (already damaged), and Pepper spray in my ear loss of hearing for days. Reported all these things to medical. The timing of this use of Force ~~~~ Evinced such wantonness with Respect to the unjustified infliction of harm as is

Attorney General's office to Investigate 24 Shootings by Corcoran Prison guards, Los Angeles Times, Jan 14, 1999 at p. A3, including Prison Inquiry Calls shootings Unjustified, Nov 26, 1998 at p. A1; State Prison Altering Rules on use of Deadly force, Oct 24, 1998, at P.A1; and only california Uses Deadly Force in Inmate Fights, Oct 18, 1999, at p. B1. See Christensen and Liefson, Prisons: A deadly Policy, Orange County Register, Oct 23, 1994 at P. 1; Moran and Hurst, Guard Slayings of Prisoners in State are High, Los Angeles Times Sept. 17, 1994 at p. A1. SEE Madrid V. Gomez (N.D. cal 1995) 889 F. Supp. 1146, 1161-1187, 1254. SEE 15 CCA §§ 3268-3268.2, 3275-3276, and 3278. Those Regulations set forth standards for the use of force and describe in a general way the CDCR's procedures for reporting and reviewing non-deadly and deadly force.

Pepper spray / stunbelts should not be used unless (see Hawkins V. Comparet - Cassani) 9th Cir. 2001, 251 F.3d 1230, 1240-1242; Hawkins V. Comparet - Cassani (C.D. cal. Feb 6, 2002) NO. CV-98 0 5605 DDP, order. My door or any other inmates door should not be opened unless its on the scheduled time and an outNumbered inmate should not be pepper sprayed while trying to defend himself. It is directions when, why, where, and how to deploy OC to an inmate directions in the title 115 (inmate handbook for inmates) and they violated every policy (c/o Escareno) by spraying me. I swear under a penalty of perjury the foregoing statements to be True to best of My Knowledge. ✗ AE ____ Dan 5/23/23 (over)

Exhibit A (Frontback)

CDCR
REPORT NO. IRTR161 - 12

**INCIDENT REPORT PACKAGE**

INCIDENT LOG NUMBER: 00000000059180

PAGE:  21
PROCESSED:  06/07/2023  11:37
REQUESTOR:  M. Palomino

| STG NAME | STG AFFILIATIONS | | STG SUBSET |
|---|---|---|---|
| II - SENSITIVE NEEDS YARD (SNY) | STG SET<br>FAME (FUCK ALL MY ENEMIES) | | |

District court/Judge, look how inappropriate these Correctional Guards computer system is! This is connected to my RVR process where guards are in here doing and saying some strange things and aren't losing their Jobs. My situation I've complained to the court about (c/o Vosquez Lopez) opening my door at an unrestricted time allowing 3 inmates to attack me.

*Exhibit (B)   Front back*

CDCR
REPORT NO. IRTR161 - 12

**INCIDENT REPORT PACKAGE**
**INCIDENT LOG NUMBER: 000000000059180**

PAGE:   27
PROCESSED: 06/07/2023  11:37
REQUESTOR: M. Palomino

### STAFF NARRATIVE

---

**STAFF NAME:** Camacho
**CREATED DATE:** 05/31/2023

**NARRATIVE TYPE:** Initial Report
**CREATED TIME:** 12:50:03

#### NARRATIVE

On Wednesday, May 31, 2023, at approximately 0622 hours, while conducting my duties as Facility 'C' housing unit 2, floor officer 2, (BWC #231836). I responded to a personal alarm activation in housing unit 2. Once at the scene, I observed Officer Escareno on the top tier on A-section near cell 211. As I made my way up the B-section stairs, I heard Officer Escareno give loud and clear orders to "Get down". I observed four inmates down on the floor later identified as Inmate Speaker (AR9113), Inmate Thibodean (J97060), Inmate York (AP2750) and Inmate Dyess (BS6620). I ordered Dyess who was directly in front of me to back up; Dyess complied and began to back up towards the sound of my voice. I handcuffed Dyess, conducted a clothed body search with negative results and assisted him to his feet. I relinquished custody of Dyess to Officer Palomino and we escorted Dyess out the housing unit. When we arrived to Facility 'C' Gymnasium, Officer Palomino offered Dyess the opportunity to decontaminate with cool running water. Dyess accepted and was escorted to the shower area where he decontaminated with cool running water. Dyess then advised us he was done decontaminating and was escorted to holding cell #2. Officer Palomino offered Dyess fresh set of clothing to which he refused. I then removed myself from the area. This concludes my involvement.

J. Camacho
STAFF SIGNATURE

DATE:  05/31/2023

**BADGE #.**

**PERNR:**

**NARRATIVE REVIEWED:** Yes
**REVIEWED DATE:** 05/31/2023

**REVIEWED BY STAFF:** Anderson,
**REVIEWED TIME:** 13:01:11

---

**STAFF NAME:** Rivas,
**CREATED DATE:** 05/31/2023

**NARRATIVE TYPE:** Initial Report
**CREATED TIME:** 13:41:57

#### NARRATIVE

On Wednesday, May 31, at approximately 0622 hours, while assigned as Facility C Building 1 Floor Officer #2 (BWC 231832), a code 1 alarm was initiated from within Housing Unit 1. As I was responding, I observed Correctional Officer T. Pacheco escorting an inmate who was later identified as York (AP-2750)) in restraints. I provided coverage during the escort of York to Facility C Gymnasium (Gym), once inside the gym I searched holding cell 3 which yielded negative results for any contraband. Following my search of holding cell 3, I also searched holding cells 2 and 4 which also yielded negative for any contraband as additional escorts were being brought into the gym.
This concludes my involvement in this incident

B. Rivas
STAFF SIGNATURE

DATE:  05/31/2023

**BADGE #:** _

**PERNR:**

**NARRATIVE REVIEWED:** Yes
**REVIEWED DATE:** 05/31/2023

**REVIEWED BY STAFF:** Palomino,
**REVIEWED TIME:** 13:45:49

STATE OF CALIFORNIA
**GRIEVANCE**                              Exhibit C                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 602-1 (Rev. 01/22)

Page 1 of 2

| OGT Log No: | | Date Received: |
| --- | --- | --- |
| Decision Due Date: | | |
| Categories: | | |

Claimant Name: Ayess, 6/23/23                                    CDCR #: BSGGBO

Institution/Parole Region: LAC                Current Housing/Parole Unit: ASU(C)C

_Use this form to file a complaint with the Department._

**In order for the Department to understand your complaint, please answer all of the following questions:**

- _What is the nature of your complaint?_
- _When and where did the complaint occur?_
- _Who was involved?_
- _Which specific people can support your complaint?_
- _Did you try to informally resolve the complaint?_
- _What rule or policy are you relying on to make your complaint?_
- _What specific action would resolve your complaint?_

_NOTE: Attach documents that help support your complaint (identify the documents if you do not have them)._

I'm back here for AN RVR. My cell was Not
searched when I tried to turn in a weapon I
found to the C/o by 2 inmates who said it
was theirs. (staff misconduct)

my door was opened by watch tower to
let attack happen at 6a.m. approximately. I don't
get my door opened for any reason other then
the 1st meal of the day (another staff misconduct)

ADA Accessible

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

*Exhibit D*

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| | |
|---|---|
| OGT Log No: 416035 | Date Received: JUN 27 2023 |
| Decision Due Date: | |
| Categories: | |

Claimant Name: Dyers, S. Michael                    CDCR #: B86620

Institution/Parole Region: LAC          Current Housing/Parole Unit: Asu⁽¹⁾ C477

Use this form to file a complaint with the Department.

In order for the Department to understand your complaint, please answer all of the following questions:

- What is the nature of your complaint?
- When and where did the complaint occur?
- Who was involved?
- Which specific people can support your complaint?
- Did you try to informally resolve the complaint?
- What rule or policy are you relying on to make your complaint?
- What specific action would resolve your complaint?

NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).

5/31/23 I came back to Asu, My door was wrongfully opened by Officer B. Vasquez Lopez at 16:22:31 I don't have early Meds, work, education Anything that would permit my door to be opened.

I saw officer Escoena walking down the tier (about 9 cells down from mine, I told tower I found "tattoo instrument" or weapon in my cell (which was not scored when I got there) and tried reporting the contraband. Some how my cell door opened up & white mens rushed up stairs to attack me. I'm not Guilty of any Rule violations.

AOA Accessible

Exhibit E



Exhibit F

CDCR
REPORT NO. IRTR161 - 12

INCIDENT REPORT PACKAGE

INCIDENT LOG NUMBER: 000000000059180

PAGE:   24
PROCESSED:  06/07/2023  11:37
REQUESTOR:  M. Palomino

### STAFF NARRATIVE

| STAFF NAME: Palomino, | NARRATIVE TYPE: Initial Report |
|---|---|
| CREATED DATE: 05/31/2023 | CREATED TIME: 18:20:33 |

#### NARRATIVE

On Wednesday, May 31, 2023, at approximately 0622 hours, Inmate's Speaker AR9113, Thibodeau J97060 and York AP2750 were observed battering Inmate Dyess BS6620 in Housing Unit 1, A section top tier. The Housing Unit alarm was activated and Chemical Agents (Mk9) were utilized in order to quell the incident. After the use of force, Thibodeau, Speaker, and York stopped the attack, separated from Dyess and all involved assumed a prone position. While effecting custody, Officer M. Escareno observed Dyess in possession of an Inmate Manufactured Weapon. Dyess released the weapon and was immediately placed in restraints. Subsequently, Thibodeau, Speaker, York and Dyess were escorted out of the building in restraints to the Gymnasium where they were offered decontamination from the chemical agents and placed in holding cells. Thibodeau, Speaker, York and Dyess received medical evaluations and were independently interviewed regarding the incident. Thibodeau, Speaker and York signed the Peaceful Coexistence Chrono authored by Sergeant E. Anderson and were released back to their assigned housing unit. However, Dyess was placed in Administrative Segregation Unit (ASU) for "Possession of a Weapon."

It should be noted; Dyess refused to sign the Peaceful Coexistence Chrono and clearly indicated the presence of an on-going feud and escalating violence with Thibodeau, Speaker, and York if he was to return to Facility C.

ALARM
Officer Vasquez Lopez activated the Housing Unit alarm.

USE OF FORCE
Officer Escareno utilized one (1) OC Mk9 Pepper Spray Streamer during this incident.

SUSPECTS
Speaker, C. (AR9113 / FCB1-204U)
Thibodeau, M. (J97060 / FCB1204L)
York, F. (AP2750 / FCB1-205U)

VICTIM
Dyess, S. (BS6620 / FCB1-203L)

WITNESS
N/A

EVIDENCE
A request for video footage was submitted via CDCR 1118 form for the following BWC Post numbers: (FROM 0621 THRU 0627 HRS).
231831, 231830, 231858, 231854, 231852, SPARES, 231835, 231836, 231832, 230432.

A request for video footage was submitted via CDCR 1027 form for the following AVSS:
(FROM 0621 THRU 0627 HRS)
LAC-341-1071 (A), LAC-341-1072 #3, #4, #2, LAC-341-0029L, LAC-443-0069 #2, LAC-443-1254 #2, #3, #4.

ESCORTS
Officer's Makarade and Galvez escorted Inmate (S) Speaker from the incident site to the Gymnasium.
Officer Garcia escorted Inmate (S) Thibodeau from the incident site to the Gymnasium.
Officer Pacheco escorted Inmate (S) York from the incident site to the Gymnasium.
Officer's Camacho and Palomino escorted Inmate (V) Dyess from the incident site to the Gymnasium.

HOLDING CELLS
Officer Galvez initiated the holding cell #5 log for Speaker.
Officer Garcia initiated the holding cell #3 log for Thibodeau.
Officer Pacheco initiated the holding cell #4 log for York.
Officer Palomino initiated the holding cell #2 log for Dyess.

DECONTAMINATION
Inmate Speaker refused decontamination with cool running water and refused a clean set of state issued clothing during this incident.
Inmate Thibodeau refused decontamination with cool running water and refused a clean set of state issued clothing during this incident.
Inmate York refused decontamination with cool running water and refused a clean set of state issued clothing during this incident.

Exhibit 6

| | | |
|---|---|---|
| **CDCR** | **INCIDENT REPORT PACKAGE** | **PAGE:** 33 |
| **REPORT NO. IRTR161 - 12** | | **PROCESSED:** 06/07/2023 11:37 |
| | **INCIDENT LOG NUMBER:** 000000000059180 | **REQUESTOR:** M. Palomino |

## STAFF NARRATIVE

| | | |
|---|---|---|
| **STAFF NAME:** Escareno, al | | **NARRATIVE TYPE:** Initial Report |
| **CREATED DATE:** 05/31/2023 | | **CREATED TIME:** 16:20:43 |

### NARRATIVE

On Wednesday, May 31, 2023, at approximately 0622 hours, while performing my duties as Facility "C" housing unit 1 floor Officer 1 (BWC 231831), conducting my security checks of the A section cells on the top tier, I observed inmates SPEAKER (AR9113), THIBODEAU (J97060), and YORK (AP2760) together in front of cell 205 having a conversation with inmate DYESS (BS6620). Due to my distance, I was unable to hear exactly what words were exchanged between the inmates.

Without warning, I observed DYESS take a step back and get into a bladed stance with both his hands clenched in a fist. A few seconds after, I observed inmate THIBODEAU throw what seemed to be a water bottle towards DYESS facial area/upper torso. Due to my exact position, I was unable to observe where exactly the water bottle made contact to inmate DYESS. I un-holstered my OC MK9 streamer pepper spray and gave multiple direct orders to all four (4) inmates to "GET DOWN" to which they did not comply as inmate SPEAKER lunged forward towards DYESS with THIBODEAU and YORK following right behind him. The Housing Unit audible alarm was activated as DYESS began to run towards my direction with both hands clenched in a fist. At that moment I gave a direct order to inmate DYESS to "GET BACK" as he was still advancing towards my direction. DYESS did not comply with my orders as he continued moving in my direction. Based on DYESS body language as he was starting to run towards me with clenched fist, my perception was DYESS would either assault me or batter me in order to get passed my location. Therefore, sense DYESS was not complying to get down, I utilized my OC MK9 streamer pepper spray from approximately 5 feet away with a one (1) second burst to inmate DYESS facial area. However, due to DYESS erratic movement and speediness of the incident, I was unable to observe where exactly it made contact. It was my perception that if I did not utilize any use of force option, due to inmate DYESS aggressive demeanor and how quickly inmate DYESS approached me, I would have been physically assaulted. The OC MK9 streamer pepper spray had positive effects as inmate DYESS ceased his advancement towards myself. However, DYESS turned and faced inmate's SPEAKER, THIBODEAU, and YORK with all four (4) inmates refusing to prone out on the ground.

Once responding staff arrived on site, inmates DYESS, YORK, SPEAKER, and THIBODEAU began to comply with orders as they assumed a prone position on the ground. Before assuming a prone position on the ground, I observed inmate DYESS who was directly in front of me, begin moving his right hand in a downward motion to the floor in order to break an unknown inmate manufactured object. DYESS then threw a piece of that unknown object to the bottom tier. DYESS then while assuming a prone position, placed the unknown inmate manufactured object next to himself and placed his hands behind his lower back. While providing coverage on inmate DYESS, Officer J. Camacho placed him in restraints and escorted DYESS to Facility "C" gymnasium. Once all inmates were in restraints, I informed responding staff where exactly the inmate manufactured objects were located. I was unable to identify which responding Officer picked up the inmate-manufactured object due to the amount of responding staff on scene.

After review of the Audio Visual Surveillance System (AVSS) along with the Incident Commander, camera LAC-341-1071-(A) revealed, as inmate SPEAKER lunged forward towards DYESS, with SPEAKER's fist he battered inmate DYESS striking him in the facial area. Additionally, inmate THIBODEAU throwing a water bottle towards DYESS facial area/upper torso. A review of my BWC revealed, DYESS had in his possession an Inmate Manufactured Weapon and captured DYESS breaking off the sharpened end and tossing it to the lower tier. Responding staff recovered the broken pieces and submitted into C/D Evidence room. It was documented the weapon was fashioned from a metal nail sharpened to a point affixed to a pen tied down by string, measuring approximately six (6) inches in length operating the pen as the handle. This concludes my report.

| | |
|---|---|
| M. Escareno | **DATE:** 05/31/2023 |
| **STAFF SIGNATURE** | |

| | |
|---|---|
| **BADGE #:** | **PERNR:** |

| | |
|---|---|
| **NARRATIVE REVIEWED:** Yes | **REVIEWED BY STAFF:** Anderson, |
| **REVIEWED DATE:** 05/31/2023 | **REVIEWED TIME:** 16:24:54 |